IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PERRY McCOY SMITH,

           Plaintiff,

    v.

CIGNA HEALTH & LIFE INSURANCE
COMPANY,

           Defendant.

Case No. 3:20-cv-624-SI

OPINION AND ORDER

Perry McCoy Smith, LEX PAN LAW LLC, 920 SW Sixth Avenue, Suite 1200, Portland,
OR 97202; Jeremy L. Bordelon, EVERGREEN DISABILITY LAW, 465 NE 181st Avenue, Portland,
OR 97230. Of Attorneys for Plaintiff.

Christopher F. McCracken, OGLETREE DEAKINS NASH SMOAK & STEWART PC, 222 SW
Columbia Street, Suite 1500, Portland, OR 97201. Of Attorneys for Defendant.

**Michael H. Simon, District Judge.**

      In this lawsuit, Plaintiff Perry McCoy Smith ("Smith") asserts two claims against

Defendant Cigna Health & Life Insurance Company ("Cigna") under the Employee Retirement

Income Security Act of 1974 ("ERISA"). First, Smith alleges that Cigna improperly denied him

health insurance benefits. Second, Smith asserts that Cigna breached its fiduciary duties as an

administrator of an ERISA plan. Both claims arise from Cigna's failure to reimburse Smith for

PAGE 1 – OPINION AND ORDER

costs associated with therapies that his minor son, P.S., underwent to address Autism Spectrum
Disorder ("ASD").

Cigna moves to dismiss Smith's Complaint for failure to state a claim. *See* Fed. R. Civ.
P. 12(b)(6). Relatedly, Cigna asks the Court to take judicial notice of the 2014 and 2016
Summary Plan Descriptions of what Cigna contends are Smith's relevant health care plans.
Based in part on these documents, Cigna moves to strike portions of the Complaint relating to
claimed reimbursements that Cigna contends arose outside the contractual and statutory
limitation periods. *See* Fed. R. Civ. P. 12(f). Smith responds that Cigna has waived, or is
estopped from asserting, any arguments based on contractual or statutory limitations. Smith also
asks the Court for leave to amend his Complaint, if the Court grants Cigna's motion to dismiss.
For the reasons discussed below, the Court grants Cigna's request that the Court consider
documents outside the Complaint based on the doctrine of incorporation-by-reference doctrine,
grants without prejudice Cigna's motion to dismiss, and denies Cigna's motion to strike. The
Court also grants Smith leave to file an amended complaint.

## STANDARDS

A motion to dismiss for failure to state a claim may be granted only when there is no
cognizable legal theory to support the claim or when the complaint lacks sufficient factual
allegations to state a facially plausible claim for relief. *Shroyer v. New Cingular Wireless Servs.,*
*Inc.*, 622 F.3d 1035, 1041 (9th Cir. 2010). In evaluating the sufficiency of a complaint's factual
allegations, the court must accept as true all well-pleaded material facts alleged in the complaint
and construe them in the light most favorable to the non-moving party. *Wilson v. Hewlett-*
*Packard Co.*, 668 F.3d 1136, 1140 (9th Cir. 2012); *Daniels-Hall v. Nat'l Educ. Ass'n*, 629
F.3d 992, 998 (9th Cir. 2010). To be entitled to a presumption of truth, allegations in a complaint
"may not simply recite the elements of a cause of action, but must contain sufficient allegations

of underlying facts to give fair notice and to enable the opposing party to defend itself effectively." *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011). The court must draw all reasonable inferences from the factual allegations in favor of the plaintiff. *Newcal Indus. v. Ikon Office Solution*, 513 F.3d 1038, 1043 n.2 (9th Cir. 2008). The court need not, however, credit the plaintiff's legal conclusions that are couched as factual allegations. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009).

A complaint must contain sufficient factual allegations to "plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation." *Starr*, 652 F.3d at 1216. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)). "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Mashiri v. Epstein Grinnell & Howell*, 845 F.3d 984, 988 (9th Cir. 2017) (quotation marks omitted).

## BACKGROUND

Smith was employed by Intel Corporation from 2011 through September 16, 2019, and remained on Intel's employee health insurance plan through December 31, 2019. Intel's employee health insurance plan was insured and administered by Cigna. P.S. was covered by Smith's health insurance plan as a dependent.

Born in 2010, P.S. was diagnosed with ASD in 2012. He began Applied Behavioral Analysis ("ABA") and Speech and Language Pathology ("SLP") therapies shortly after his diagnosis. Cigna approved these therapies. *See, e.g.*, Sample Approvals, ECF 1-2 at 1-20

(Compl. Ex A). Cigna's approval letters, however, specify that "[a]uthorization of visits by CIGNA Behavioral Health does not guarantee claim payment." *Id.*

From 2012 through May 2018, Smith paid for these therapies directly and sought reimbursement from Cigna. Cigna did not process some of Smith's claims for reimbursement and denied others. Smith estimates that Cigna has failed to reimburse him for more than $44,000 for ABA and SLP therapies. Attached to the Complaint is a spreadsheet summarizing unpaid claims from November 2012 to May 2018. Summary of Unpaid Claims, ECF 1-3 at 1 (Compl. Ex. B).

In June 2018, P.S. switched providers for both therapies. The new ABA therapy provider billed Cigna directly for the services provided to P.S. Smith continued to pay the SLP therapy provider directly and seek reimbursement from Cigna. Cigna has neither reimbursed Smith for the SLP therapies nor paid the ABA therapy provider. Smith estimates that Cigna has failed to pay or reimburse claims worth more than $3,000 from June 2018 through the filing of the Complaint. Attached to the Complaint are invoices for P.S.'s ABA therapy for early 2019. Unpaid ABA Therapy Bill (KOI), ECF 1-4 at 1-3 (Compl. Ex. C). Those invoices show a balance due of $1,702.15. *Id.* Also attached to the Complaint is a spreadsheet summarizing unpaid bills for P.S.'s SLP therapy. Unpaid SLP Bills, ECF 1-5 at 1 (Compl. Ex. D). That spreadsheet shows a total unpaid balance of $1,320.00. *Id.*

Smith timely sought reimbursement from Cigna using Cigna's claim submissions process after each therapy session. In November 2015, with many of Smith's reimbursement requests outstanding, Cigna directed Smith to use Cigna's "My Personal Champion" program. ECF 1 at 7, ¶ 34. Smith worked for nearly sixteen months with representatives in this program and was informed that if he re-submitted all outstanding claims they would be considered, regardless of

age. On March 30, 2017, he did so, sending approximately 100 pages of claim forms to Cigna. As a result, Cigna resolved some of Smith's outstanding claims. In May 2019, however, Cigna informed Smith that it would take no further action on the remaining outstanding claims. Smith's past communications with his My Personal Champion are unavailable to him because he "communicated with [his] My Personal Champion representative through a dedicated e-mail portal provided by [Cigna] which did not allow [him] to make or preserve such communications, and which made communications that had been made more than two months previously inaccessible and unreadable by Smith." ECF 1, ¶ 41.

Smith filed his Complaint in this case on April 16, 2020, alleging that Cigna had wrongfully denied Smith's benefits claims and breached its fiduciary duties. Smith also alleges that Oregon Revised Statutes ("ORS") § 743A.190(2)(b) requires health insurance plans to cover medically necessary services related to pervasive developmental disorders like ADS, although he does not allege a cause of action or any specific violation relating to this provision.[1] The Complaint seeks "[d]amages in the amount equal to the health insurance claims presented" under 29 U.S.C. § 1132(a)(1)(B), "[e]quitable remedies in the form of surcharge . . . in the amount equal to the health insurance claims presented" under § 1132(a)(3), and "reformation of the ERISA plan, to the extent the plan is found not to provide benefits in conformance with ORS 743A.190." ECF 1 at 11-12.

---

[1] The Court has previously addressed a plan participant's § 1132(a)(3) claim premised on a plan administrator's alleged violation of ORS § 743A.190. *A.F. ex rel. Legaard v. Providence Health Plan*, 35 F. Supp. 3d 1298 (D. Or. 2014) (granting partial summary judgment to a plaintiff plan participant on the plaintiff's § 1132(a)(3) claim in part because the insured group health plan's administrator's policy of excluding coverage for services related to developmental disabilities violated ORS § 743A.190).

## DISCUSSION

**A.  Request for Judicial Notice**

Cigna asks the Court to take judicial notice of plan documents for what Cigna purports were the two health insurance plans in which Smith was enrolled during the relevant time. Generally, courts may not consider material outside the pleadings when assessing the sufficiency of a complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure. *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 998 (9th Cir. 2018). The Court may, however, consider documents outside of and not attached to the complaint when the document is either (1) one "which a court may take judicial notice under Federal Rule of Evidence 201"; or (2) is "incorporated into the complaint by reference." *Louisiana Mun. Police Emps.' Retirement Sys. v. Wynn*, 829 F.3d 1048, 1063 (9th Cir. 2016) (quoting *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007)).  Rule 201 permits the Court to "judicially notice a fact that is not subject to reasonable dispute" because it either "is generally known within the trial court's territorial jurisdiction" or it "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). A document may be by reference when "the plaintiff refers extensively to the document or the document forms the basis of the plaintiff's claim." *United States v. Ritchie*, 342 F.3d 903, 907 (9th Cir. 2003).

Cigna's motion was unclear whether Cigna requests that the Court consider the plans under Rule 201, incorporation by reference, or both. On one hand, Cigna's motion requests that the Court judicially notice the plan documents "[p]ursuant to Federal Rule of Evidence 201(b)(1) & (2)." On the other, Cigna cites *Lee v. City of Los Angeles*, 250 F.3d 668 (9th Cir. 2001), for the proposition that the Court may consider documents that "the plaintiff's complaint necessarily relies [on]" and argues that the Court can consider the plan documents because "[Mr.] Smith[] relies on what he alleges is the Intel Plan."  ECF 9 at 2.

Courts may consider plan documents for a Rule 12 motion when a plaintiff's ERISA claim is based on the plan's terms or the plan is sufficiently referenced. *See Sgro v. Danone Waters of N. Am., Inc.*, 532 F.3d 940, 942 n.1 (9th Cir. 2008) (finding it proper to consider disability benefits plan referenced in the complaint, but declining to accept truth of the plan's contents where the parties disputed whether defendant actually implemented the plan according to its terms); *Parrino v. FHP, Inc.*, 146 F.3d 699, 706 (9th Cir. 1998), *superseded by statute on other grounds as recognized in Abrego Abrego v. Dow Chem. Co.*, 443 F.3d 676, 681-82 (9th Cir. 2006) (incorporating employee health plan where the claims were premised upon the plaintiff's coverage under the plan). Incorporation by reference is appropriate in the ERISA context to "[p]revent plaintiffs from surviving a 12(b)(6) motion by deliberately omitting references to [plan] documents upon which their claims are based." *Parrino*, 146 F.3d at 706. Smith alleges that Cigna denied him benefits he was due under the plan. His claim therefore is premised on the plan documents Cigna seeks to have incorporated. Accordingly, the Court incorporates by reference and considers the 2014 and 2016 Summary Plan Descriptions provided by Cigna.

Smith contends that Cigna is attempting to substitute its own facts for those alleged in the Complaint. Smith is correct that the Ninth Circuit has counseled courts to guard against misuse of incorporation by reference by defendants to counter a plaintiff's factual allegations. *See Lee v. City of Los Angeles*, 250 F.3d 668, 688-90 (9th Cir. 2000). For that reason, the Court must not assume the truth of any matter asserted in the incorporated document that "only serves to dispute facts stated" in the Complaint. *Khoja*, 899 F.3d at 1003. Additionally, specifically in the ERISA context, the Court may not accept as true any assertions in a plan document filed by the defendant at the motion to dismiss stage to the extent the plan document conflicts with the

plaintiff's allegations. *Sgro*, 532 F.3d at 942 n.1. Smith does not, however, identify any conflict between his allegations and the plan summaries filed by Cigna. Further, Cigna does not ask the Court to use the plan documents to counter any of Smith's allegations. Cigna relies on the plan summaries to supply what it contends are the contractual limitations periods. Smith neither alleges in his Complaint nor argues in his response to Cigna's motion to dismiss that the contractual limitations periods are different than those contained in the plan summaries Cigna filed.

## B.  Motion to Dismiss

Cigna moves the Court to dismiss the Complaint in its entirety. The Complaint alleges two claims: first, a claim for damages under 29 U.S.C. § 1132(a)(1)(B) for benefits that Smith alleges Cigna wrongfully denied; second, a claim for equitable relief under 29 U.S.C. § 1132(a)(3) for Cigna's alleged breach of its fiduciary duties to Smith. Cigna raises two arguments in support of Cigna's motion to dismiss the entirety of Smith's Complaint: that the that the factual allegations in the Complaint are insufficient to support either claim and that Smith failed to exhaust his administrative remedies through Cigna before filing his Complaint. Cigna further argues that Smith's § 1132(a)(3) claim should be dismissed because such a claim cannot be premised on an individual denial of benefits. Cigna also moves to strike portions of the Complaint seeking damages on claims that Cigna argues are untimely.

The Court agrees that Smith failed to plead factual allegations sufficient to support a claim either for damages or equitable relief and for that reason grants Cigna's Motion to Dismiss. The Court addresses Cigna's arguments regarding the statute of limitations and failure to exhaust in the Court's discussion of Smith's request for leave to amend his Complaint.

1. **Claim for Damages**

Cigna argues that Smith's § 1132(a)(1)(B) claim is deficient because it fails to identify the provisions of the Intel Employee Health Plan that entitle Smith to reimbursement for the unpaid claims. Section 1132(a)(1)(B) offers a plan participant a cause of action "to recover benefits due to due to him under the terms of his plan." To state a claim for denial of benefits under this clause, a plaintiff must plausibly allege facts showing he was owed benefits under the plan. *Almont Ambulatory Surgery Ctr., LLC v. UnitedHealth Grp., Inc.*, 99 F. Supp. 3d 1110, 1155 (C.D. Cal. 2015). Thus, a "plaintiff must allege facts that establish the existence of an ERISA plan as well as the provisions of the plan that entitle [him] to benefits." *Id.* (quoting *Forest Ambulatory Surgical Assocs., L.P. v. United HealthCare Ins. Co.*, 2011 WL 2748724, at *5 (N.D. Cal. July 13, 2011)). Indeed, "the lack of any specific reference to plan provisions which affords the benefits to which they contend they are entitled warrants dismissal of [a plaintiff's] denial-of-benefits ERISA claim." *Doe One v. CVS Pharmacy, Inc.*, 348 F. Supp. 3d 967, 993 (N.D. Cal. 2018); *see also Stewart v. Nat'l Educ. Ass'n*, 404 F. Supp. 2d 122, 130 (D.D.C. 2005), *aff'd*, 471 F.3d 169 (D.C. Cir. 2006) ("A plaintiff who brings a claim for benefits under ERISA must identify a specific plan term that confers the benefit in question.").

Smith's Complaint does not identify his relevant plan, much less a specific plan provision entitling Smith to the benefits he claims. Smith's full description of the plan is as follows:

> 8. Plaintiff was employed by Intel Corporation ("Intel"), and enrolled in Intel's employee welfare benefit plan providing health insurance benefits from at least 2011 to December 31, 2019.
>
> 9. Intel's health insurance plan was insured by CIGNA.
>
> 10. As an employer-based group health plan, the health insurance plan is governed by ERISA.
>
> 11. CIGNA both insures and administers claims for benefits under the Plan.

ECF 1 at 3, ¶¶ 8-11. Intel, however, offered its employees multiple health insurance benefit plans. Cigna submitted plan summary descriptions for two with its request for judicial notice. *See* Intel Corporation Open Access Plus Medical Benefits HDHP Plan (2014), ECF 9 at 3 (Ex. 1); Intel Corporation Open Access Plus Medical Benefits Qualified High Deductible Health Plan (2016), ECF 9 at 63 (Ex. 2).

Smith alleges that P.S.'s ABA therapy and SLP therapy were "previously approved [and] covered by" Smith's health insurance plan. Smith, however, does not identify which provision of the plan(s) "covered" P.S.'s therapies. Additionally, Cigna's purported authorization of treatment visits, by itself, is insufficient. The sample approval letters from Cigna that Smith attached to his Complaint expressly state that "[a]uthorization of visits by Cigna Behavioral Health does not guarantee claim payment."

Smith argues that Cigna cannot urge the Court to dismiss Smith's Complaint for failing to identify the relevant plan or plan provision while simultaneously submitting to the Court copies of plan summary descriptions. Plan summary descriptions, "important as they are[,] . . . do not themselves constitute the terms of the plan for purposes of [§ 1132(a)(1)(B)]." *CIGNA Corp. v. Amara*, 563 U.S. 421, 438 (2011). The plan summary descriptions that Cigna requests the Court judicially notice or incorporate by reference do not cure the deficiencies in the Complaint. More importantly, they do not cure the requirement that Smith identify the specific plan provision or provisions that he alleges cover P.S.'s therapies and that Cigna allegedly breached.

Smith offers only conclusory allegations that Cigna has denied "benefits due to [Smith] under the plan." § 1132(a)(1)(B). Because the Court does not accept as true conclusory allegations, Smith fails to allege a violation of § 1132(a)(1)(B). That claim is dismissed.

### 2.   Claim for Equitable Relief

Cigna argues that Smith's § 1132(a)(3) claim is insufficiently pleaded because Smith does not identify how Cigna violated the terms of the plan or ERISA and because Smith's § 1132(a)(3) claim seeks the same relief as his § 1132(a)(1)(B) claim. A plan participant may bring a civil action "to obtain other appropriate equitable relief to redress [violations of ERISA or the terms of the plan]." § 1132(a)(3)(B)(i). To advance his § 1132(a)(3) claim Smith must identify a violation of ERISA or a violation of the plan's terms. *See Gabriel v. Alaska Elec. Pension Fund*, 77 F.3d 945, 954 (9th Cir. 2014) ("Under [§ 1132(a)(3)], a plaintiff who is a 'participant, beneficiary, or fiduciary' must prove . . . that there is a remediable wrong, *i.e.*, that the plaintiff seeks relief to redress a violation of ERISA or the terms of a plan."); *see also Mathews v. Chevron Corp.*, 362 F.3d 1172, 1178 (9th Cir. 2004) ("To establish an action for equitable relief under [§ 1132(a)(3)] the defendant must be an ERISA fiduciary acting in its fiduciary capacity and must 'violate [] ERISA-imposed fiduciary obligations'" (quoting *Varity Corp. v. Howe*, 516 U.S. 489, 498 (1996) (citations omitted)).

Smith alleges that Cigna breached its fiduciary duties by "[f]ailing to process" or "denying" thousands of dollars' worth of Smith's reimbursement claims. This allegation is insufficient for the same reason that  Smith's § 1132(a)(1)(B) allegations were insufficient. Smith must allege the term of the plan under which the ABA and SLP therapies were covered to plausibly allege that Cigna had a fiduciary duty to reimburse Smith for these therapies. Smith's Complaint, however, identifies no provision entitling him to reimbursement. Thus, Smith has failed to allege that Cigna violated its fiduciary duties by violating the plan's terms. Smith simply repeats his argument that Cigna cannot rely on his failure to identify the plan provision that Cigna violated because Cigna has submitted copies of plan summary descriptions to the Court. As explained above, the plan summary descriptions cannot cure the defect in Smith's

Complaint both because they do not constitute the terms of the plans themselves and because they summarize the entire plan and therefore do not identify which provision required Cigna to cover P.S.'s therapies.

Smith also alleges that Cigna violated its fiduciary duties by not allowing Smith "to preserve communications with [Cigna] relevant to unprocessed or incorrectly processed claims." ECF 1, ¶ 56a. Smith's Complaint does not identify what purported fiduciary duty Cigna breached by not allowing Smith to preserve his past communications, but Smith argues in response that Cigna is the party responsible for communicating information about the plan to participants.

A plan administrator may breach its fiduciary duties by failing to communicate information about the plan to a beneficiary. *See, e.g.*, *Bins v. Exxon Co., U.S.A.*, 220 F.3d 1042, 1048 (9th Cir. 2000) (*en banc*). ERISA draws from—but does not exclusively rely on—the common law of trusts to define the general scope of a fiduciary's duties. *Varity Corp.*, 516 U.S. at 497. The duty of loyalty dictates that a trustee "deal fairly and . . . communicate to the beneficiary all material facts the trustee knows or should know in connection with the matter." Restatement (Third) of Trusts § 78 (2007). A plan administrator violates this duty when it denies a participant access to information or administrative documents the participant needs to obtain benefits. *See Kujanek v. Houston Poly Bag I, Ltd.*, 658 F.3d 483, 488 (5th Cir. 2010) (finding a breach of ERISA-imposed fiduciary duties when a plan administrator failed to provide a plan participant with plan documents and forms for electing a rollover distribution of benefits because those documents and forms were material to the plan participant's efforts to obtain benefits).

Smith's allegations do not support an inference that Cigna violated its duty to communicate to Smith information about the plan when it prevented him from accessing past

communications with his My Personal Champion representative. Smith's Complaint does not

describe the content of the communications he is unable to access, does not identify generally

when the communications were sent or received, and does not explain how the communications

were necessary to his efforts to obtain benefits from Cigna. Without these basic factual

allegations, Smith's allegations that Cigna breached its fiduciary duty by preventing him from

accessing past communications is merely conclusory.

To the extent Smith alleges that access to past communications is necessary to this

litigation, that allegation cannot support a § 1132(a)(3) claim. Smith was no longer a plan

participant when he filed this litigation. Further, there are tools such as formal and informal

discovery to obtain materials for litigation. The duty of loyalty is centered on information

required to obtain plan benefits, not information for litigation.

Cigna also argues that Smith's § 1132(a)(3) claim should be dismissed because Smith

seeks the same relief for his § 1132(a)(3) claim—reimbursement for unpaid claims—as he does

for his § 1132(a)(1)(B) claim. Smith responds that *CIGNA Corp. v. Amara*, 563 U.S. 421 (2011),

permits plan participants to seek a "surcharge" as a remedy for a plan administrator's breach of

its fiduciary duties as an alternative to his § 1132(a)(1)(B) claim.

"An individual bringing a claim under § 1132(a)(3) may seek 'appropriate equitable

relief,' which refers to 'those categories of relief' that, traditionally speaking (i.e., prior to the

merger of law and equity) 'were typically available in equity.'" *Castillo v. Metropolitan Life Ins.

Co.*, 970 F.3d 1224, 1229 (9th Cir. 2020) (quoting *Amara*, 563 U.S. at 432). These equitable

remedies may include financial compensation intended to make the plaintiff whole for the loss

occasioned by the defendant's breach of fiduciary duties. *Amara*, 563 U.S. at 441-42. "A

claimant may not," however "bring a claim for denial of benefits under § 1132(a)(3) when a

claim under § 1132(a)(1)(B) will afford adequate relief." *Castillo*, 970 F.3d at 1229. Thus, claims under both § 1132(a)(1)(B) and § 1132 (a)(3) may proceed simultaneously only if there is no double recovery. *Moyle v. Liberty Mut. Ret. Benefit Plan*, 823 F.3d 948, 961 (9th Cir. 2016) (as amended); *see also id.* ("[P]laintiffs [may] present § 1132(a)(1)(B) and § 1132(a)(3) as alternative—rather than duplicative—theories of liability.").

Smith's claim under § 1132(a)(3) appears to be duplicative of, not alternative to, his § 1132(a)(1)(B) claim. In his § 1132(a)(3) claim, Smith alleges that Cigna breached its fiduciary duties by failing to reimburse him for P.S.'s therapies as Smith alleges the plan's terms required Cigna to do. That is the same allegation Smith makes in support of his § 1132(a)(1)(B) claim. Smith's requested relief for his § 1132(a)(3) claim confirms that he is seeking the same relief under § 1132(a)(3) as he seeks under § 1132(a)(1)(B). Smith requests "[d]amages in the *amount equal to the health insurance claims presented*" as relief for his § 1132(a)(1)(B) claim and requests "[e]quitable remedies in the form of surcharge . . . in the *amount equal to the health insurance claims presented*" for his § 1132(a)(3). ECF 1 at 11 (emphasis added). Merely applying different labels—law's "damages" and equity's "surcharge"—to the relief sought does not change the fact that the relief sought on both claims is the same.

The Complaint makes only conclusory allegations in support of Smith's § 1132(a)(1)(B) and § 1132(a)(3) claims. The Complaint also requests the same relief for both the § 1132(a)(1)(B) and § 1132(a)(3) claims. Accordingly, the Complaint fails to state a claim under § 1132(a)(3) and is dismissed.

## C.  Leave to Amend

Smith requests that if the Court grants Cigna's motion, Smith be granted leave to amend. "Dismissal without leave to amend is improper unless it is clear . . . that the complaint could not be saved by any amendment." *Krainski v. Nevada ex rel. Bd. of Regents of Nevada System of*

*Higher Ed.*, 616 F.3d 963, 972 (9th Cir. 2010). Under this "generous" standard, "leave to amend should be granted 'if it appears at all possible that the plaintiff can correct the defect'" or the Court can "conceive of facts" that would render the plaintiff's claim viable. *Balisteri v. Pacifica Police Dep't*, 901 F.2d 696, 701 (9th Cir. 1988). Cigna argues that amendment is futile because Smith cannot cure the defects identified in Cigna's Motion to Dismiss. Specifically, Cigna argues that Smith cannot allege that he exhausted his administrative remedies and cannot allege a viable claim under § 1132(a)(3) claim. Cigna also argues that some of Smith's alleged damages are untimely and moves to strike those allegations of damages. Cigna argues Smith cannot amend his Complaint to make the time-barred claims timely.

### 1.  Exhaustion of administrative remedies.

Cigna argues that Smith cannot properly allege that he exhausted Cigna's claim resolution procedures. "ERISA itself does not require a participant or beneficiary to exhaust administrative remedies in order to bring an action under § 502 of ERISA, 29 U.S.C. § 1132." *Vaught v. Scottsdale Healthcare Corp. Health Plan*, 546 F.3d 620, 626 (9th Cir. 2008). The Ninth Circuit, however, has adopted a "prudential exhaustion requirement" whereby a plaintiff generally must exhaust administrative remedies before proceeding in federal court. *Id.*; *see also Barboza v. Cal. Ass'n of Prof'l Firefighters*, 651 F.3d 1073, 1076 (9th Cir. 2011).

Exhaustion is an affirmative defense. *Albino v. Baca*, 747 F.3d 1162, 1168-69 (9th Cir. 2014) (*en banc*) (holding that the Prison Litigation Reform Act's ("PLRA") exhaustion requirement is an affirmative defense that must be "pl[eaded] and proved" by the defendant); *id.* at 1168-71 (explaining that the court's treatment of the PLRA's exhaustion requirement is appropriate for exhaustion requirements in other contexts); *Norris v. Mazzola*, 2016 WL 1588345, at *6 (N.D. Cal. April 20, 2016) ("*Albino* applies to ERISA cases"); *see also Am. Chiropractic Ass'n v. Am. Specialty Health Inc.*, 625 F. App'x 169, 173 & n.5 (3d Cir. 2015)

("The ERISA exhaustion requirement is an affirmative defense, so the defendant bears the burden of proving failure to exhaust."). Accordingly, failure to exhaust is an appropriate basis for dismissing a complaint only when "failure to exhaust is clear from the face of the complaint." *Albino*, 747 F.3d at 1169.

Demonstrating that a plaintiff's failure to exhaust is clear from the face of the complaint is a difficult feat. Examples of when district courts have found that a plaintiff's failure to exhaust was *not* clear on the face of the complaint include when the complaint: (1) alleged that the plaintiff filed a written claim for benefits, but did not allege that plaintiff filed a written request for review of the plan administrator's denial of that claim, *Russell v. CVS Caremark Corp.*, 2017 WL 1090677, at *3-5 (D. Ariz. March 23, 2017); (2) alleged that "[t]o the best of her ability, Plaintiff . . . challenged the 'Adverse Benefits Determination,' which left her with a balance due of approximately $30,659.48," *Tawater v. Health Care Serv. Corp.*, 2018 WL 6310280, at *7 (D. Mont. Dec. 3, 2018); or (3) simply did not "plead[] itself out of [an] ERISA claim by alleging facts consistent with a failure to exhaust," *Puget Sound Surgical Ctr., PS v. Aetna Life Ins. Co.*, 2018 WL 4852625, at *6 (W.D. Wash. Oct. 5, 2018). A district court has found a failure to exhaust was clear from the face of the complaint, however, where the plaintiff "appear[ed] to concede that it failed to exhaust administrative remedies" and the plaintiff's only evidence that exhaustion would be futile was "one letter" that stated "claims will not be processed until the requested records have been received and the review is complete." *Infoneuro Grp. v. Aetna Life Ins. Co.*, 2019 WL 3006549, at *10 (C.D. Cal. May 3, 2019).

Smith clears the low bar for pleading exhaustion. The Complaint alleges that Smith "submitted to [Cigna] requests for reimbursement for therapy services provided," "used [Cigna's] specific forms and mechanisms for claim submissions," and spent significant effort

attempting to resolve outstanding claims through Cigna's My Personal Champion program. ECF 1 at 6-8, ¶¶ 31, 32, 34-39. These facts are not "consistent with a failure to exhaust." *Puget Sound Surgical Ctr., PS*, 2018 WL 4852625, at *6.

### 2.    Statutory and contractual limitations periods

Cigna argues that some of the damages Smith seeks are time-barred, either by the statute of limitations or the contractual limitations period and thus amendment—at least for those damages—is futile. Thus, Cigna moves to strike those portions of the Complaint seeking damages for any time-barred claims.

Because "[t]here is no specific federal statute of limitations governing claims for benefits under an ERISA plan," the Court "must look to the most analogous state statute of limitations" to determine the limitations period for Smith's § 1132(a)(1)(B) claim. *Wetzel v. Lou Ehlers Cadillac Grp. Long Term Disability Ins. Program*, 222 F.3d 643, 646 (9th Cir. 2000) (*en banc*). Here, that is Oregon's six-year statute of limitations for breach of contract claims. *Chuck v. Hewlett Packard Co.*, 455 F.3d 1026, 1031 (9th Cir. 2006); *see* ORS § 12.080(1). Smith filed his Complaint on April 16, 2020. Cigna contends that Smith's claims for wrongfully denied benefits from before April 16, 2014 are therefore barred by the statute of limitations.

Smith's § 1132(a)(3) claim, meanwhile, must be brought within "the earlier of . . . six years of the date of the last action which constituted a part of the breach or violation . . . or . . . three years after the earliest date on which the plaintiff had actual knowledge of the breach or violation." § 1113. Accordingly, Cigna contends that Smith cannot obtain relief under § 1132(a)(3) for any conduct that took place before April 16, 2017.

Courts generally uphold contractual limitations periods in ERISA cases. *Heimeshoff v. Hartford Life & Acc. Ins. Co.*, 571 U.S. 99, 108 (2013). The plan documents that the Court incorporates by reference provide that participants must bring legal action against Cigna within

three years of the proof of claim deadline for Out-of-Network Services. Accordingly, Cigna contends, a suit for the damages Smith asserts from 2014 must have been brought not later than 2017 and a suit for the damages he asserts from 2016 must have been brought not later than 2019. Because Smith filed his Complaint in 2020, Cigna argues, relief on those claims is time-barred.

Cigna oversimplifies the limitations period issue. First, Cigna does not discuss the accrual date of Smith's causes of action. Before concluding that some of Smith's causes of action are barred by limitation periods, the Court must determine when the limitation period began to run. "[F]ederal law governs the issue of when an ERISA cause of action accrues and thereby triggers the start of the limitation period." *Withrow v. Halsey*, 655 F.3d 1032, 1036 (9th Cir. 2011). Smith's § 1132(a)(1)(B) cause of action accrued "either at the time benefits [were] actually denied, or when the [plaintiff had] reason to know that the claim [had] been denied." *Wetzel*, 222 F.3d at 649 (internal citations omitted).

A claimant has reason to know that the claim has been denied when the plan communicates a "clear and continuing repudiation of a claimant's rights under a plan such that the claimant could not have reasonably believed but that his or her benefits had been finally denied." *Wise*, 600 F.3d at 1188 (citation omitted). Thus, the statute of limitations does not begin to run until a plan fails both to "provide adequate notice in writing to any participant or beneficiary whose claim for benefits under the plan has been denied" and "afford a reasonable opportunity to any participant whose claim for benefits has been denied for a full and fair review." *Withrow*, 655 F.3d at 1036. Indeed, in *Withrow*, the Ninth Circuit held that a plaintiff's cause of action for benefit claims denial did not begin to accrue for fifteen years following the initial denial of benefits because she "was met with indications that the plan disagreed but also

with encouragement . . . to continue communicating with the plan and to provide more information" that caused her to never "understand that [the plan] had finally denied her claim." *Id.* at 1038.

Smith has alleged facts supporting the inference that Cigna continued to encourage Smith to engage with Cigna to resolve the disputed claim. Indeed, Smith alleges that his "My Personal Champion" representative told Smith to resubmit all disputed claims and that they would all be reconsidered, regardless of age. Smith did so on March 30, 2017. He alleges that he continued communicating monthly through this program and that some of his disputed claims were resolved after he resubmitted them all on March 30, 2017. He alleges that he was not informed until May 28, 2019 that his disputed claims would not be considered any further. At this stage of the litigation, these allegations are sufficient to show that Cigna did not finally deny Smith's claims until May 28, 2019.

Further, even if Smith's claims began to accrue when Cigna asserts they did, Smith alleges facts that raise issues of waiver, estoppel, and equitable tolling. The Ninth Circuit has estopped ERISA-plan defendants from claiming a limitation-period defense against a plaintiff who reasonably relied on the defendant's representations that internal review of the participant's claim was ongoing. *LaMantia v. Voluntary Plan Adm'rs, Inc.*, 401 F.3d 1114, 1118 (9th Cir. 2005). The Complaint already suggests that Smith deferred legal action in reliance on Cigna's representations that it was still reviewing his claims. Accordingly, amendment is not futile.[2]

---

[2] The Court notes that, even if Smith were unable to amend his Complaint to avoid the limitation issues that Cigna identifies, the statutory and contractual limitation periods only preclude damages related to a portion of Smith's wrongful denial of benefit claim. The limitation periods would not resolve this litigation in its entirely.

For the same reasons, the Court denies Cigna's motion to strike the portions of the Complaint requesting damages for the allegedly untimely claims. The purpose of a Rule 12(f) motion to strike is to avoid spending time and money litigating spurious issues. *Whittlestone, Inc. v. Handi-Craft Co.*, 618 F.3d 970, 973 (9th Cir. 2010); *see also Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir. 1993), *rev'd on other grounds*, 510 U.S. 517 (1994). The disposition of a motion to strike is within the discretion of the district court. *See Fed. Sav. & Loan Ins. Corp. v. Gemini Mgmt.*, 921 F.2d 241, 244 (9th Cir. 1990). "Motions to strike are disfavored and infrequently granted." *Legal Aid Servs. of Oregon v. Legal Servs. Corp.*, 561 F. Supp. 2d 1187, 1189 (D. Or. 2008); *see also Capella Photonics, Inc. v. Cisco Sys., Inc.*, 77 F. Supp. 3d 850, 858 (N.D. Cal. 2014) ("Motions to strike are regarded with disfavor because of the limited importance of pleadings in federal practice and because they are often used solely to delay proceedings." (quotation marks and alterations omitted)). Cigna argues that, to the extent Smith's damage claims are untimely, they are immaterial to the Complaint and must be stricken. As explained above, however, Smith alleges sufficient facts, and could allege more facts, supporting the inference that the limitations periods did not begin to run until May 2019 or are subject to waiver, estoppel, or equitable tolling, and, therefore, that the damages Smith seeks for the earlier periods are not untimely. Damages arising from outside what Cigna contends are the limitations period are material to dispute.

### 3. Futility of Smith's § 1132(a)(3) claim

Cigna's final argument is that allowing Smith to amend his § 1132(a)(3) claim is futile under *Amalgamated Clothing & Textile Workers Union, AFL-CIO v. Murdock*, 861 F.2d 1406 (9th Cir. 1988), which held that a § 1132(a)(3) claim cannot be premised on an individual denial of benefits. Cigna misunderstands this case. The Ninth Circuit recently explained that "*Amalgamated Clothing* . . . addressed claims under § 1109 and § 1132(a)(2), not claims under

§ 1132(a)(3)." *Castillo*, 970 F.3d at 1229 n.2. Neither *Amalgamated Clothing* nor any other case precludes Smith from bringing an otherwise proper § 1132(a)(3) claim based on an individual denial of benefits. Smith may bring a § 1132(a)(3) claim, so long as he pleads facts plausibly alleging a violation of the plan's terms or ERISA and relief for the claim would not be duplicative of his § 1132(a)(1)(B) claim.

## CONCLUSION

The Court GRANTS Cigna's Request for Judicial Notice (ECF 9) and Motion to Dismiss (ECF 8) and DENIES Cigna's Motion to Strike (ECF 8). The Complaint is DISMISSED without prejudice. Plaintiff has leave to file an Amended Complaint within 28 days from the date of this Opinion and Order.

**IT IS SO ORDERED**.

DATED this 30th day of September, 2020.

/s/ *Michael H. Simon*
Michael H. Simon
United States District Judge