IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **PERRY McCOY SMITH**,<br><br>    Plaintiff,<br><br>  v.<br><br>**CIGNA HEALTH & LIFE INSURANCE COMPANY**,<br><br>    Defendant. | Case No. 3:20-cv-624-SI<br><br>**OPINION AND ORDER** |

Perry McCoy Smith, LEX PAN LAW LLC, 920 SW Sixth Avenue, Suite 1200, Portland, OR 97202; Jeremy L. Bordelon, EVERGREEN DISABILITY LAW, 465 NE 181st Avenue, Portland, OR 97230. Of Attorneys for Plaintiff.

Christopher F. McCracken, OGLETREE DEAKINS NASH SMOAK & STEWART PC, 222 SW Columbia Street, Suite 1500, Portland, OR 97201. Of Attorneys for Defendant.

**Michael H. Simon, District Judge.**

  Plaintiff Perry McCoy Smith alleges that Defendant Cigna Health & Life Insurance Company (Cigna) improperly denied him health insurance benefits under the Employee Retirement Income Security Act of 1974 (ERISA) by refusing to reimburse him for some of his minor son P.S.'s covered treatment for Autism Spectrum Disorder. *See* 29 U.S.C. § 1132(a)(1)(B). Smith also alleges that, at Cigna's direction, he used Cigna's own online

platform to communicate with Cigna about his unresolved claims. After years of repeated promises to consider Smith's claims, in 2019 Cigna suddenly declared it would take no further action on these claims. Cigna then rendered the entire history of its communications with Smith through Cigna's online claims-processing platform inaccessible to Smith. Cigna now asks the Court to dismiss Smith's First Amended Complaint (FAC) with prejudice.

The Court previously dismissed Smith's original complaint for failing to state a claim but granted Smith leave to amend. Smith's original complaint was deficient, the Court explained, because Smith did not identify the specific plan provision that allegedly entitled him to coverage for P.S.'s therapies or even identify the Cigna plan under which he was covered. Smith has since remedied those defects. The Court therefore denies Cigna's motion to dismiss Smith's FAC.

Section 1132(a)(1)(B) offers a plan participant a cause of action "to recover benefits due to due to him under the terms of his plan." To state a claim for denial of benefits under this clause, a plaintiff must plausibly allege facts showing he was owed benefits under the plan. *Almont Ambulatory Surgery Ctr., LLC v. UnitedHealth Grp., Inc.*, 99 F. Supp. 3d 1110, 1155 (C.D. Cal. 2015). Thus, a "plaintiff must allege facts that establish the existence of an ERISA plan as well as the provisions of the plan that entitle [him] to benefits." *Id.* (quoting *Forest Ambulatory Surgical Assocs., L.P. v. United HealthCare Ins. Co.*, 2011 WL 2748724, at *5 (N.D. Cal. July 13, 2011)).

Smith has alleged both the plans' existence and the provisions entitling him to benefits. Smith's FAC identifies two ERISA plans under which he was covered. *See* ECF 23 at 11, ¶ 46 (alleging that Smith was covered under the "CIGNA Coinsurance" plan from February 19, 2010 through December 31, 2013 and under the "CIGNA High Deductible Health Plan (HDHP)" from January 1, 2014 through December 31, 2019). Smith also provided the Court with relevant

excerpts from those plans. *See generally* ECF 31-4.[1] The plans provide an "Autism Benefit" that "covers Applied Behavior Analysis (ABA) treatment." *See, e.g.*, ECF 31-4 at 7. Similarly, "[p]hysical, *speech*, and occupational therapies are covered for the treatment of Autism Spectrum Disorder." *See, e.g.*, *id.* at 8 (emphasis added).

Cigna argues that Smith's FAC is still deficient because it (1) fails to allege that Cigna—the administrator of a plan funded by Intel—is liable for Smith's benefits under the plan; and (2) fails to allege that Cigna *wrongfully* denied Smith reimbursement for those therapies. Cigna is incorrect. Cigna first contends that Smith has not adequately alleged facts that establish that Cigna is liable for Smith's benefits. "[P]arties other than plans can be sued for money damages under other provisions of ERISA, such as § 1132(a)(1)(B), as long as that party's individual liability is established." *Cyr v. Reliance Standard Life Ins. Co.*, 642 F.3d 1202, 1207 (9th Cir. 2011). Cigna emphasizes that, because the Intel plan is self-funded, Cigna is not responsible for paying Smith's benefits. Cigna's argument, however, ignores the Ninth Circuit's later decisions. "[P]roper defendants under § 1132(a)(1)(B) for improper denial of benefits," the Ninth Circuit has explained, "*at least include* ERISA plans, *formally designated plan administrators*, insurers or other entities responsible for payment of benefits, and de facto plan administrators *that improperly deny or cause improper denial of benefits*." *Spinedex Physical Therapy USA Inc. v. United Healthcare of Ariz., Inc.*, 770 F.3d 1282, 1297-98 (9th Cir. 2014) (emphasis added).

---

[1] Smith had not received the plan documents from Cigna—which ERISA obligates Cigna to provide to plan beneficiaries—when he filed his FAC and therefore the excerpts did not accompany the FAC. Instead, Smith referenced the provisions in his FAC and attached the excerpts as exhibits to his response in opposition to Cigna's motion to dismiss. Cigna does not contend that the excerpts Smith attached are not what Smith purports them to be. The Court construes the excerpts as part of Smith's allegations. *See Petrie v. Elec. Game Card, Inc.*, 761 F.3d 959, 964 n.6 (9th Cir. 2014).

Indeed, the Ninth Circuit favorably cited a Fifth Circuit decision affirming a district court's grant of summary judgment *against* a defendant-plan administrator who exercised control over benefits claims processing but was neither the designated plan administrator nor was responsible for paying claims because that administrator. *See id.* at 1298 (citing *LifeCare Mgmt. Servs. LLC v. Ins. Mgmt. Adm'rs Inc.*, 704 F.3d 835, 844-45 (5th Cir. 2013)). The lesson from that case is that someone must be liable for an improper denial of benefits to a claimant. The entity that improperly denied a claim for benefits seems like a logical choice. Smith alleges that Cigna is the designated plan administrator, exercises control over benefits claims processing, and improperly denied Smith's benefits. Smith's allegations are sufficient at this stage of the litigation to conclude that Cigna is liable for the improper denial of Smith's benefits.

Similarly, at this stage in the litigation, Smith's complaint plausibly alleges that Cigna's refusal to reimburse him for P.S.'s ABA and SLP therapies was improper. In addition to highlighting the plan provisions covering the ABA and SLP therapies, Smith alleges that Cigna pre-approved the treatments and even provided him reimbursements for some treatments. Those *factual* allegations support the inference that Cigna needed to reimburse Smith for the therapies. Smith also alleges that he timely submitted his reimbursement requests, that service providers timely provided Cigna with itemized invoices of services rendered to Smith, and that Smith met all deductible and co-insurance limits. Thus, Smith has alleged both that P.S.'s ABA and SLP treatments were covered, and that Smith complied with all of Cigna's claims processing requirements. Accordingly, Smith's allegations and resulting reasonable inferences, taken in the light most favorable to Smith, make plausible the conclusion that Cigna's denial of benefits was improper.

Cigna's attempt to dismiss Smith's § 1132(a)(3) claim fails for the same reason. The Court previously dismissed Smith's § 1132(a)(3) claim because, like his § 1132(a)(1)(B) claim, Smith had failed to allege a violation of ERISA or the plan's terms. As explained above, however, the FAC adequately alleges a violation of the plan's terms—specifically, the plan's coverage of ABA and SLB therapies. Accordingly, Smith has adequately alleged a § 1132(a)(3) claim. Cigna also argues that Smith cannot simultaneously bring an § 1132(a)(3) claim and a § 1132(a)(1)(B). As the Court previously explained, a plaintiff may bring an § 1132(a)(3) claim as an alternative theory of liability to a § 1132(a)(1)(B) claim. *See Moyle v. Liberty Mut. Ret. Benefit Plan*, 823 F.3d 948, 961 (9th Cir. 2016). As Cigna itself acknowledges in its reply brief, that is precisely how Smith intends his § 1132(a)(3) claim.

Smith's FAC, although far from a model of clarity, alleges facts that, when taken as true, establish a plausible violation of ERISA by Cigna. Cigna may ultimately prevail, but it must do so based on evidence. If Cigna has evidence showing that its denial of Smith's claims was proper, it may file a motion for summary judgment or present its defense at trial. The Court DENIES Cigna's Motion to Dismiss Plaintiff's First Amended Complaint (ECF 28).

**IT IS SO ORDERED**.

DATED this 11th day of May, 2021.

/s/ *Michael H. Simon*
Michael H. Simon
United States District Judge